UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUN CHAN,

                    Plaintiff-Petitioner,                          25 Civ. 7492

          -v-                                                      ORDER

JUDITH ALMODOVAR, *in her official capacity as*
*Acting Field Office Director of New York, Immigration*
*and Customs Enforcement,*
TODD LYONS, *in his official capacity as Acting Director*
*U.S. Immigration and Customs Enforcement,*
KRISTI NOEM, *in her official capacity as Secretary of*
*Homeland Security,*
PAM BONDI, *in her official capacity as Attorney General,*
U.S. DEPARTMENT OF HOMELAND SECURITY, *and*
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT

                    Defendants-Respondents.

---

PAUL A. ENGELMAYER, District Judge:

At approximately 12:07 a.m. this morning, counsel for plaintiff-petitioner Yun Chan

emailed this Court, sitting in its Part I capacity, (1) a verified petition for a writ of habeas corpus

and a complaint, Dkt. 1; (2) a notice of an emergency motion for a temporary restraining order

("TRO") that would prohibit respondents from removing Mr. Chan from the jurisdiction of this

District, Dkts. 6, 6-6; and (3) a memorandum of law, declaration, and exhibits in support of that

motion; Dkts. 6-1 through 6-6. The email that transmitted these materials to the Court copied

Government counsel.

The Court expects that this case will be assigned imminently to a district judge in this

District (the "assigned judge") who will supervise the case on a permanent basis, including

acting on petition(s) for emergency relief. Solely to preserve the Court's jurisdiction over this

matter pending a ruling by the assigned judge on the pending motion for a TRO, plaintiff-petitioner shall not be removed from the United States unless and until the assigned judge orders otherwise. *See, e.g., Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction" (cleaned up)); *Garcia-Izquierdo v. Gartner*, No. 4 Civ. 7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, a district court may order that a petitioner's deportation be stayed "when a stay is necessary to preserve the Court's jurisdiction of the case"); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661–62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal).

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge,
sitting in Part I capacity

Dated: September 10, 2025
       New York, New York

2