

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 10, 2025

<u>By ECF</u>
The Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Chan v. Almodovar*, No. 25-cv-7492 (MMG)

Dear Judge Furman:

      This Office represents the government in the above-referenced habeas corpus action. We write respectfully to inform the Court that this Court lacks habeas jurisdiction over this matter, as venue is improper in the Southern District of New York. As explained below, the petitioner was detained in the Eastern District of New York when he commenced this action, and so the Court should promptly transfer this action to the U.S. District Court for the Eastern District of New York.

      U.S. Immigration and Customs Enforcement ("ICE") has informed this Office that after the petitioner was arrested and processed on September 9, 2025, he was transported to the Nassau County Correctional Center in East Meadow, New York, where he arrived at approximately 5:09 p.m. that same day. Six hours later, the petitioner filed the instant habeas action at 11:07 p.m. Venue is thus improper in the Southern District of New York. *See Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *accord Trump v. J.G.G.*, 145 S. Ct. 1003, 1005-06 (2025) ("For core habeas petitions, jurisdiction lies in only one district: the district of confinement." (cleaned up)); *Khalil v. Joyce*, 771 F. Supp. 3d 268, 280–86 (S.D.N.Y. 2025) (holding that court lacked habeas jurisdiction where petitioner was transferred from 26 Federal Plaza to a facility in the District of New Jersey prior to filing of the petition).

      This Office informed petitioner's counsel about the venue issue shortly before noon on September 10, and we understand that petitioner's counsel does not oppose transfer of this action to the Eastern District of New York. But petitioner's counsel has asked that any transfer order include two restrictions: (1) an order extending the stay of removal unless and until the transferee court orders otherwise, and (2) an order enjoining ICE from transferring the petitioner outside the Eastern District of New York. The government does not oppose the request that the transfer order maintain the stay of removal unless and until the transferee court orders otherwise (notwithstanding the government's position that the Court lacks jurisdiction to stay removal).

      However, because this Court lacks habeas jurisdiction, the Court should not issue an order enjoining ICE from transferring the petitioner out of the Eastern District of New York. Rather,

such a request must be made to the appropriate court in the Eastern District of New York that has habeas jurisdiction over the case. This Court cannot restrain transfer because it lacks habeas jurisdiction over the case. *See, e.g.*, *S.N.C. v. Sessions*, 325 F. Supp. 3d 401, 412 (S.D.N.Y. 2018) ("Turning to Petitioner's applications that . . . Respondents be restrained from transferring her to a detention facility outside the New York City area, these applications are denied without prejudice. This Court does not have jurisdiction over these 'core' habeas claims. . . . If . . . the Court transfers this case to the District of New Jersey, that court will have jurisdiction to act on these applications."). Nor can this Court grant such an injunction under the All Writs Act, 28 U.S.C. § 1651(a). The Act grants federal courts authority to "issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (emphasis added). The Supreme Court has "made clear that a petitioner cannot use that Act to circumvent statutory requirements or otherwise binding procedural rules." *Shoop v. Twyford*, 596 U.S. 811, 820-21 (2022) (citing *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985) ("Although [the All Writs Act] empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.")).

An order enjoining ICE from transferring the petitioner out of the Eastern District of New York would not act to preserve this Court's jurisdiction. First, as noted, this Court lacks habeas jurisdiction over this action, and so there is no jurisdiction to preserve. Nor is such an order necessary to preserve the Eastern District of New York's jurisdiction—"as the *Padilla* Court's discussion of [*Ex Parte*] *Endo*[1] makes clear, the fact that a detainee has been transferred away from a district that otherwise has jurisdiction to hear his or her claims does not necessarily deprive that district of habeas jurisdiction." *Khalil*, 771 F. Supp. 3d at 290 (citing *Padilla*, 542 U.S. at 441). Thus, even if the petitioner were transferred out of the Eastern District of New York, such transfer would not divest the Eastern District of New York of habeas jurisdiction. Further, this Court has already issued an order staying the petitioner's removal from the United States, which operates to preserve the Court's jurisdiction. *See* ECF No. 21. No additional injunction issued by this Court is necessary or appropriate now that it is clear that this Court lacks habeas jurisdiction. The petitioner should be required to seek such relief in the proper court. Indeed, in an analogous habeas case filed last week, venue was improper in this Court and the petitioner, while consenting to transfer to the District of New Jersey, likewise asked Judge Furman to enjoin his transfer out of the District of New Jersey—Judge Furman denied that request and stated that "Petitioner is free to seek such relief from the transferee court." *See* Order, *Patel v. Almodovar*, No. 25 Civ. 7357 (JMF) (attached as Exhibit A). This Court should do the same.

Accordingly, the Court should promptly transfer this action to the Eastern District of New York, waive the seven-day waiting period contained in Local Civil Rule 83.1, and deny the petitioner's request for an additional injunction enjoining the petitioner's transfer out of the Eastern District of New York.

---

[1] 323 U.S. 283 (1944).

We thank the Court for its consideration of this submission.

                                           Respectfully submitted,

                                           JAY CLAYTON
                                           United States Attorney for the
                                           Southern District of New York

                         By:    */s/ Brandon M. Waterman*
                                         BRANDON M. WATERMAN
                                         Assistant United States Attorney
                                         Telephone: (212) 637-2743
                                         E-mail: brandon.waterman@usdoj.gov

cc: Counsel of Record (by ECF)