

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

David Oliwenstein
tel: +1.212.858.1031
david.oliwenstein@pillsburylaw.com

September 11, 2025

**Response to Government's Motion to Transfer and Emergency Application for a Temporary Restraining Order**

<u>Via ECF</u>

The Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Chan v. Almodovar*, et al., No. 1:25-CV-07492 (MMG)

Dear Judge Garnett:

We are *pro bono* counsel to Petitioner Yun Chan, and we write in response to Respondents' letter motion to transfer this matter to the Eastern District of New York ("EDNY"). (ECF Doc. 23.) While we do not oppose this transfer because we understand the United States Immigration and Customs Enforcement ("ICE") moved Mr. Chan to Nassau County Correctional Center a few hours before we filed the above-captioned *habeas corpus* petition (the "Petition"), we write to address the Government's position that the Court lacks jurisdiction to issue an order enjoining ICE from transferring Petitioner out of the EDNY. Not only is the Government incorrect on the law, but the equities strongly favor the issuance of the limited relief Petitioner seeks to maintain the status quo—a narrow order preventing ICE from further transferring Mr. Chan until the transferee court can weigh in.

On the law, this Court has jurisdiction to issue the order Petitioner seeks. As Judge Furman has recently explained:

> [D]istrict-of-confinement and immediate-custodian rules are "not jurisdictional in the sense of a limitation on subject-matter jurisdiction," *Skaftouros v. United States*, 667 F.3d 144, 146 n.1 (2d Cir. 2011) (internal quotation marks omitted), but rather akin to "personal jurisdiction or venue rules," *Gooden v. Gonzales*, 162 Fed. App'x 28, 29 (2d Cir. 2005) (summary order); *see also Rivera-Perez v. Stover*, — F. Supp. 3d —, No. 23-CV-1348 (SRU), 2024 WL 4819250, at *5 (D. Conn. Nov. 18, 2024) (noting that courts have

Hon. Margaret M. Garnett
September 11, 2025
Page 2

>construed the immediate-custodian rule to raise questions of venue or personal jurisdiction, not subject-matter jurisdiction). . . .

*Khalil v. Joyce*, No. 25-CV-1935, Doc. No. 78 at 25 (JMF) (S.D.N.Y. Mar. 19 2025). In *Khalil*, even though the court transferred the case from the Southern District of New York to the District of New Jersey, it issued a limited order that kept the briefing schedules in effect and, "to preserve the status quo," "barr[ed] the Government from removing [the petitioner] . . . unless and until the transferee court orders otherwise." *Id.* at 33. Because this Court has already issued an order preventing Mr. Chan from being transferred to another district (*see* ECF Doc. 21), there is no sound reason why it cannot issue a new order that temporarily prevents ICE from further transferring Petitioner until a judge from the EDNY can weigh in.

Further, "there is also an exception to the immediate-custodian rule where the custodian of the petitioner is unknown at the time that the Petition is filed." *Ozturk v. Trump*, 777 F. Supp. 3d 26, 41 (D. Mass. 2025). There, ICE took the petitioner into custody in Massachusetts, but it then transported her to an unknown place, which turned out to be Vermont. *Id.* at 41-42. The court did not fault petitioner for filing in the District of Massachusetts because counsel "could not have known to name her client's immediate custodian in Vermont, her location at the time the Petition was filed." *Id.* at 42. Although the petition was ultimately transferred to Vermont, the court in *Ozturk* kept its order preventing the petitioner's removal in effect "to preserve the status quo." *Id.* at 44.

In any event, it defies logic that the Government concedes, on the one hand, that this Court has jurisdiction to prevent Mr. Chan's removal from the country, yet on the other hand lacks jurisdiction to prevent his transfer from the district. The Government cannot have it both ways. Further, aside from contending this Court lacks jurisdiction, the Government does not advance any argument as to why a narrow order should not issue. Once the Court determines it has jurisdiction, the Government's position collapses.

On the equities, the Government will not be harmed by continuing to detain Mr. Chan in the EDNY for the brief period until this case has been transferred and the transferee court can weigh in. But if ICE were to transfer Mr. Chan—and we understand that an ICE officer indicated to Mr. Chan that ICE intends to transfer him from Nassau County Correctional Center in the coming days[1]— Petitioner would be severely—and perhaps irreparably—prejudiced. Not only would we, *pro bono* counsel, be unable to confer with Mr. Chan in person, but we would also face difficulties in securing his appearance at any hearing in this matter. *See, e.g.*, *Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 U.S. Dist. LEXIS 113509, at *5 (S.D.N.Y. June 13, 2025) (preventing the inter-district transfer of a habeas petitioner "[i]n light of Petitioner's interests in participating in further proceedings before this Court and in maintaining adequate access to legal counsel through these proceedings").

---

[1] This information was relayed by Mr. Chan to Professor Kate Mogulescu of Brooklyn Law School. If helpful to the Court, Professor Mogulescu is prepared to submit a declaration relaying the conversation she had with Mr. Chan.

Hon. Margaret M. Garnett
September 11, 2025
Page 3

Because Respondents have strenuously objected to a limited order directing the Government to continue to detain Mr. Chan in the EDNY without offering any basis for their position, we are concerned that the Government is looking to exploit the brief window during the transfer of venue process. Under these circumstances, the equities plainly weigh in favor of the limited relief that Mr. Chan seeks.

Due to the "'equitable and flexible nature of habeas relief' and pursuant to the Court's authority under the All Writs Act," this Court may issue an order preventing ICE from transferring Petitioner. *See, e.g.*, *Perez*, 2025 U.S. Dist. LEXIS 113509, at *4 (requiring ICE to transfer habeas petitioner back to the Southern District of New York). Petitioner respectfully requests that the Court issue a narrow order preventing ICE from further transferring Mr. Chan until the transferee court can weigh in. Petitioner further requests that the Court direct the briefing schedule previously ordered by the court (ECF No. 21) remain in effect unless ordered otherwise by the transferee court. *See Khalil v. Joyce*, No. 25-CV-1935, Doc. No. 78 at 33 (JMF) (S.D.N.Y. Mar. 19 2025).

We thank the Court for its consideration of this request.

Respectfully submitted,

 */s/ David Oliwenstein*
David Oliwenstein
Andrew Wiktor
Catherine Perez
Fangwei Wang

cc: Counsel of Record (via ECF)