

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

David Oliwenstein
tel: +1.212.858.1031
david.oliwenstein@pillsburylaw.com

September 13, 2025

**Application for Emergency Relief**

<u>Via ECF</u>

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

    Re:    *Chan v. Almodovar*, et al., No. 2:25-cv-05095 (JS)

Dear Judge Seybert:

We are *pro bono* counsel to Petitioner Yun Chan, and we write to respectfully request an order directing Respondents to return Mr. Chan to the Eastern District of New York forthwith, and in any event, no later than the September 17, 2025 hearing regarding Mr. Chan's Petition for a Writ of *Habeas Corpus* and application for a Temporary Restraining Order.[1] (Docket Nos. 1, 6.)

On September 12, in response to the Government's emergency oral application (for which the Government provided Petitioner's counsel approximately ten minutes' notice), the Court modified a September 11 Order from the Honorable Margaret M. Garnett that restrained Respondents from transporting Mr. Chan outside the Eastern District of New York. (Docket No. 28.) The principal basis for the Government's application was its representation to the Court that the Nassau County Correctional Center—the facility at which Mr. Chan was held at the time of the conference—is only permitted to hold Immigration and Customs Enforcement ("ICE") detainees for 72 hours.

During the telephonic hearing on the Government's application, the Court recognized the importance of *pro bono* counsel being afforded access to Mr. Chan to facilitate preparation for the upcoming hearing—a proceeding at which the Court may determine whether the Government may

---

[1] Although the Government has represented that Mr. Chan remains detained at the Nassau County Correctional Center, we understand that Immigration and Customs Enforcement intends to transport him out of this district tomorrow morning—i.e., before the Court has an opportunity to consider whether to grant the relief requested in this correspondence.

www.pillsburylaw.com

Hon. Joanna Seybert
September 13, 2025
Page 2

subject Mr. Chan to one of the most severe deprivations of liberty recognized under the Due Process Clause.  Perhaps in recognition of the severity of the potential deprivation and the vital role that *pro bono* counsel serves in ensuring that the Court is able to consider all arguments available to Mr. Chan—a stateless victim of human trafficking—the Court asked the Government a critical (and direct) question:  Is there any mechanism by which the Government could detain Mr. Chan in or around the Eastern District of New York?  The Government represented that there is not.

That was false.  In subsequent email correspondence between the Government and Mr. Chan's counsel, the Government revealed that the supposed 72-hour clock would *restart* in the event that Mr. Chan is removed, even briefly, from the Nassau County Correctional Center.  *See* Exhibit A.  The Government even admitted that it availed itself of this precise mechanism in connection with its detention of Mr. Chan[2]—i.e., by transporting Mr. Chan to another location for processing, the Government was able to hold Mr. Chan in the Nassau County Correctional Center for an additional 72-hours.[3]

If the Government can temporarily relocate Mr. Chan for the Government's own purposes and thereby restart the 72-hour clock, certainly it can do so when asked to do so by the Court to facilitate: (1) *pro bono* counsel's access to Mr. Chan in advance of a hearing that may profoundly impact his liberty; and (2) Mr. Chan's ability to appear—in person—at that hearing.  We therefore respectfully request:

- To the extent Mr. Chan has already been transported to an ICE facility in Pennsylvania (six hours away from *pro bono* counsel), an order directing Mr. Chan to be returned forthwith to the Nassau County Correctional Center; or

- To the extent Mr. Chan has not yet been transported to a facility in Pennsylvania, an order directing the Government to temporarily relocate Mr. Chan to another federal facility in or around the Eastern or Southern Districts of New York, and then promptly return him to the Nassau County Correctional Center; and

---

[2] The Government has represented that it booked Mr. Chan at Nassau County Correctional Center at 5:09 pm on Tuesday, September 9.  (Docket No. 23.)  This means that at 5:09 pm on Friday, September 12—during the Court's conference with the parties—the 72-hour period expired.  At the conference, the Government noted that it did not intend to transport Mr. Chan outside of the EDNY until Saturday, September 13—i.e., well over 72 hours following his initial detention.  Based on that representation, the Government plainly knew that the 72-hour deadline could be extended with minimal effort, and declined to inform the Court in response to the Court's direct questions.

[3] The Government's sole objection to *pro bono* counsel's proposal to keep Mr. Chan within the EDNY is that it would require Mr. Chan to be "out of custody for no reason."  *See* Sept. 13, 2025 Email from Assistant United States Attorney Diane Beckmann to Andrew Wiktor, attached hereto as Exhibit A.  The Government's objection is puzzling.  Mr. Chan was certainly not "out of custody" when the Government transported him briefly from the Nassau County Correctional Center to another location for processing, and we see no reason why Mr. Chan would need to be released from custody to facilitate the relief requested in this application.

Hon. Joanna Seybert
September 13, 2025
Page 3

- Under all circumstances, an order directing the Government to produce Mr. Chan in person at the September 17 hearing.[4]

We thank the Court for its consideration of this emergency application.

                                         Respectfully submitted,

                                         *David Oliwenstein*

                                         David Oliwenstein
                                         Andrew Wiktor
                                         Catherine Perez
                                         Fangwei Wang

                                         *Counsel for Petitioner Yun Chan*

cc:  Counsel of Record (via ECF)

---

[4] We have asked the Government whether ICE intends to produce Mr. Chan at the hearing, but have not yet received a response.