# EXHIBIT A

**From:** Beckmann, Diane (USANYE)
**To:** Wiktor, Andrew
**Cc:** Perez, Catherine; Oliwenstein, David; Wang, Fangwei; Dickman, Mary (USANYE); Price, Thomas (USANYE)
**Subject:** RE: Chan
**Date:** Saturday, September 13, 2025 11:33:17 AM

Andrew-

The judge already ruled on this.

There are no options to keep him in the EDNY.

**From:** Wiktor, Andrew <andrew.wiktor@pillsburylaw.com>
**Sent:** Saturday, September 13, 2025 11:30 AM
**To:** Beckmann, Diane (USANYE) <Diane.Beckmann@usdoj.gov>
**Cc:** Perez, Catherine <catherine.perez@pillsburylaw.com>; Oliwenstein, David <david.oliwenstein@pillsburylaw.com>; Wang, Fangwei <fangwei.wang@pillsburylaw.com>; Dickman, Mary (USANYE) <Mary.Dickman@usdoj.gov>; Price, Thomas (USANYE) <THOMAS.PRICE@usdoj.gov>
**Subject:** [EXTERNAL] Re: Chan

It would not be for no reason — it would be to comply with the Court's order to keep Mr. Chan in the EDNY, which the Court only vacated based on the Government's representation that there were no options to keep Mr. Chan in the EDNY. We're considering bringing this to the Court's attention.

> On Sep 13, 2025, at 11:02 AM, Beckmann, Diane (USANYE) <Diane.Beckmann@usdoj.gov> wrote:
>
> There are no holding facilities in Manhattan. And no we cannot take him out of custody for no reason.
> The judge has already ruled on this.
>
> **From:** Wiktor, Andrew <andrew.wiktor@pillsburylaw.com>
> **Sent:** Saturday, September 13, 2025 10:58:13 AM
> **To:** Beckmann, Diane (USANYE) <Diane.Beckmann@usdoj.gov>
> **Cc:** Perez, Catherine <catherine.perez@pillsburylaw.com>; Oliwenstein, David <david.oliwenstein@pillsburylaw.com>; Wang, Fangwei <fangwei.wang@pillsburylaw.com>; Dickman, Mary (USANYE) <Mary.Dickman@usdoj.gov>; Price, Thomas (USANYE) <THOMAS.PRICE@usdoj.gov>

**Subject:** [EXTERNAL] Re: Chan

Diane — if the 72-hour clock can be restarted by simply bringing Mr. Chan to Manhattan, why can't that be done again, which would guarantee he is in the EDNY until Wednesday?

> On Sep 13, 2025, at 10:50 AM, Beckmann, Diane (USANYE) <Diane.Beckmann@usdoj.gov> wrote:
>
> Hi Andrew-
>
> Yes- there is a strict 72 hour holding time at Nassau.
> it is our understanding that your client was taken to Manhattan for processing after the initial date of Tuesday , so the 72 period expires today. Travel arrangements are made for early tomorrow morning. As a courtesy to you - we let you know that your client would be in Nassau for today so you would be able to speak with him before he is transferred.
>
> ---
>
> **From:** Wiktor, Andrew <andrew.wiktor@pillsburylaw.com>
> **Sent:** Saturday, September 13, 2025 9:43:51 AM
> **To:** Beckmann, Diane (USANYE) <Diane.Beckmann@usdoj.gov>
> **Cc:** Perez, Catherine <catherine.perez@pillsburylaw.com>; Oliwenstein, David <david.oliwenstein@pillsburylaw.com>; Wang, Fangwei <fangwei.wang@pillsburylaw.com>; Dickman, Mary (USANYE) <Mary.Dickman@usdoj.gov>; Price, Thomas (USANYE) <THOMAS.PRICE@usdoj.gov>
> **Subject:** [EXTERNAL] RE: Chan
>
> (+others who have appeared)
>
> Hi Diane,
>
> We are confused.  The Government represented to the Court yesterday that Mr. Chan needed to be transferred from Nassau Correctional today because of a strict 72-hour rule.  But now that we have had a chance to digest this information, which we only learned for the first time at the conference yesterday, this does not make sense.  The Government stated in a letter to the Court that Mr. Chan was booked at Nassau Correctional on Tuesday at 5:09 pm.  (Dkt. 23.)  Wouldn't this mean that Mr. Chan

needed to be removed from Nassau Correctional by no later than yesterday at 5:09 pm, which is 72 hours from the time he was booked? How can it be that he is now not scheduled to be transferred until tomorrow? What are we missing here?

If the answer is that he was technically discharged from Nassau Correctional on Thursday to be fingerprinted and this restarted the 72-hour clock, why can't Respondents briefly discharge him again to restart the clock? This was not mentioned as an alternative yesterday when the Government represented there was no choice other than to move him six hours away to Pennsylvania. A brief discharge, however, appears to be far less cumbersome than transporting him to Pennsylvania, especially when the Court has expressed its preference for Mr. Chan to be back in New York on Wednesday so he can attend his hearing. (And, for the avoidance of doubt, we fully expect Mr. Chan to be present in person at the hearing Wednesday and expect Respondents to promptly keep us apprised if that will not happen so we have adequate time to seek appropriate relief.)

Can you please explain to us how Mr. Chan is able to remain at Nassau Correctional until Sunday? Would a brief discharge restart the clock? If so, will Respondents make arrangements to keep him at Nassau Correctional?

Thanks,
Andrew

**Andrew Wiktor** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1136
andrew.wiktor@pillsburylaw.com | website bio

---

**From:** Beckmann, Diane (USANYE) <Diane.Beckmann@usdoj.gov>
**Sent:** Friday, September 12, 2025 6:02 PM
**To:** Wiktor, Andrew <andrew.wiktor@pillsburylaw.com>
**Cc:** Perez, Catherine <catherine.perez@pillsburylaw.com>; Oliwenstein, David <david.oliwenstein@pillsburylaw.com>
**Subject:** Chan

Hi Andrew—

It is our understand that your client will be at NCC until tomorrow, and transferred early Sunday.

Diane C. Leonardo
Deputy Chief, Long Island Civil Division
610 Federal Plaza
Central Islip, New York 11722

(631) 715-7854
diane.beckmann@usdoj.gov

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.