UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Yun Chan.,

    *Petitioner*,

v.

Judith Almodovar, *et al.*,

    *Respondents.*

---

No. 25-cv-5095

DECLARATION OF
ASSISTANT FIELD OFFICE
DIRECTOR CARLA CALIDONIO

Pursuant to 28 U.S.C. § 1746, I, Carla Calidonio, hereby declare under the penalty of perjury that the foregoing is true and correct:

1. I am a Assistant Field Office Director at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have served in this capacity since September 2023. As Assistant Field Office Director, I oversee matters related to the removal of aliens in immigration proceedings.

2. I have prepared this declaration in connection with a Petition for a Writ of Habeas Corpus filed by the petitioner, Yun Chan ("Petitioner") on September 9, 2025. Petitioner has been assigned the following Alien Number: 072 747 739. I make this declaration in my official capacity and the following representations are based on my review of readily available documents pertaining to Petitioner,[1] consultation with my colleagues, and ICE electronic records and databases.

3. Petitioner is a native and citizen of the People's Republic of China ("China").

---

[1] As of the date of this declaration, ICE does not have the complete administrative file available, and thus ICE compiled readily available records.

4. On March 18, 1994, Petitioner was admitted into the United States at the port of entry located at the Newark International Airport in Newark, New Jersey.

5. On January 17, 1997, Petitioner was convicted, *inter alia*, of Murder in the Second Degree, Intentional Homicide, in violation of New York Penal Law 125.25(1). He was sentenced to a term of imprisonment of twenty-five years to life.

6. On July 29, 1999, while Petitioner was serving his criminal sentence, former Immigration and Naturalization Service ("INS") initiated removal proceedings against Petitioner under the New York State Institutional Hearing Program, by serving and filing a Notice to Appear ("NTA"), dated July 6, 1999, with the Fishkill Immigration Court at the Downstate Correctional Facility, located at 121 Red Schoolhouse Road, Fishkill, NY 12524. The NTA charged Petitioner with removability under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. 1227(a)(2)(A)(iii), and 237(a)(1)(A), 8 U.S.C. 1227(a)(1)A).

7. The NTA alleged that Petitioner was deportable because he is not a citizen or national of the United States; he is a native and citizen of China; when he was admitted into the United States, he "did not then possess or present a nonimmigrant visa, border crossing card, or other document valid for entry into the . . . United States"; and because he was convicted of the crime of murder in the second degree. *See* Notice to Appear dated July 6, 1999, a copy of which is attached hereto as Exhibit A.

8. On March 20, 2000, an Immigration Judge ordered Petitioner removed to China. *See* Order of Removal entered March 20, 2000, a copy of which is attached hereto as Exhibit B.

9. Petitioner did not appeal the order. Thus, Petitioner's order of removal is administratively final.

10. Following his release from criminal custody, Petitioner was in taken into ICE custody, where he remained from May 22, 2020, through November 13, 2020, pursuant to INA § 241, 8 U.S.C. § 1231, pending preparation for removal to China. Such preparation included the completion and submission of a travel document request to the Consulate of China in New York. Only when the necessary travel documents are received can ICE schedule removal.

11. On November 13, 2020, due to the lack of responsiveness from the Consulate of China, ICE determined that there was no significant likelihood of removal in the reasonably foreseeable future ("SLRRFF"). Accordingly, ICE released Petitioner from ICE custody, subject to the conditions outlined in an Order of Supervision, Form I-220B. Prior to his release, ICE served Petitioner with a copy of the Order of Supervision setting forth the conditions of his release among which included the requirement to report to ICE at the time and place specified as directed for identification and for removal.

12. On September 9, 2025, Petitioner reported to the ICE New York Field Office located at 26 Federal Plaza, New York, 10278, as directed. While there, Petitioner was advised that his release on the Order of Supervision was being revoked and that he would be taken into ICE custody. During processing, ICE served Petitioner with a Notice of Revocation of Release informing him that he would be detained pending his imminent removal and outlining the reasons for the revocation, specifically that ICE was acquiring travel documents for Petitioner and his removal was now imminent. A copy of the Notice of Revocation of Release, dated September 9, 2025, is attached hereto as Exhibit C.

13. Petitioner was notified that he was detained for purposes of removal, and he was served with a Warrant of Removal/Deportation, a copy of which is included in Exhibit D.

14. Petitioner was notified of his rights to notify the Consulate of China.

15. Thereafter, Petitioner was temporarily transferred to Nassau County Correctional Center in East Meadow, New York, pending processing and the identification of long-term bedspace for his high-risk level classification.

16. Risk classification is only applicable to requests for bedspace and is used for determining the appropriate detention facility for individuals pending removal; the classification level for detainment of individuals convicted of violent crimes, including murder, is high-risk level.

17. On September 10, 2025, long-term bedspace was identified at Moshannon Valley Processing Center (Moshannon) in Philipsburg, Pennsylvania.

    On September 11, 2025, ICE transferred Petitioner to ICE's Central Islip processing space to complete processing and to await transport to Moshannon. While Petitioner was in transport, ICE was informed of the order from the U.S. District Court for the Southern District of New York transferring the Petitioner's habeas proceeding to the U.S. District Court for the Eastern District of New York and enjoining ICE from transferring Petitioner outside the Eastern District of New York's jurisdiction. As a result, ICE returned Petitioner to the Nassau County Correctional Center temporarily, pending an emergency request for modification of the order enjoining transfer.

18. On September 12, 2025, ICE was informed that the order enjoining transfer has been orally modified by the U.S. District Court for the Eastern District of New York and that ICE may proceed with transfer after permitting Petitioner's counsel the opportunity to meet with Petitioner at the Nassau County Correctional Center.

19. On September 14, 2025, after a brief stop at ICE's hold room at 26 Federal Plaza, in New York, New York, ICE transferred Petitioner to Moshannon, where he will remain detained, pursuant to INA § 241, 8 U.S.C. § 1231, pending preparation for removal to China.

20. ICE intends to complete a new application for travel documents for repatriation to China and route the application to the Embassy of the China in Washinton, D.C., where such requests are now submitted.

21. Once the Embassy provides the requested travel document, ICE will be prepared to effectuate the existing deportation order.

I hereby declare under the penalty of perjury that the above statements are true and correct.

Executed at New York, New York
this 15th day of September 2025.

CARLA M CALIDONIO
Digitally signed by CARLA M CALIDONIO
DN: cn=CARLA M CALIDONIO, o=U.S. Government, ou=People, email=Carla.Calidonio@ice.dhs.gov, c=US
Date: 2025-09-15T22:43:21-0400

Carla Calidonio
Assistant Field Office Director
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security