# EXHIBIT A

U.S Department of Justice
**Immigration and Naturalization Service**                                    Notice to Appear

**In removal proceedings under section 240 of the Immigration and Nationality Act**

| | | | |
|---|---|---|---|
| DIN: | 96A1048 | File No: | A72 747 739 |
| EPR: | 05/23/20@@ | | |

In the Matter of:
Respondent:     CHAN                              YUN
A/K/A           CHEN, Yun ; CHEN Yven             CHEN, Yuen ; TZU YING, Mong   currently residing at:
Coxsackie Correctional Facility                   BOX 200
                                                  West Coxsackie, NY 12051-0200
_____
(Number, street, city, state and ZIP code)                            (Area code and phone number)

[ ]   1. You are an arriving alien.
[ ]   2. You are an alien present in the United States who has not been admitted or paroled.
[X]   3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

## SEE ATTACHED I-831 FOR ALLEGATIONS

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

## SEE ATTACHED I-831 FOR CHARGES

[ ]   This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

[ ]   Section 235(b)(1) order was vacated pursuant to:    [ ] 8 CFR 208.30(f)(2)    [ ] 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
**Executive Office for Immigration Review**
Immigration Court, Downstate Correctional Facility    Red Schoolhouse Road - Fishkill, NY 12524
                    (Complete Address of Immigration Court, Including Room Number, if any)
on         TO BE SET                                  to show why you should not be removed from the United States
        (Date)              (Time)
based on the charge(s) set forth above.

_____
(Signature and Title of Issuing Officer)
Institution Removal Program Director

Date:    07/06/1999

NYC IRP DO, NEW YORK, NEW YORK
(City and State)

Form I-862(Rev. 4/1/97)

Ex #1
10/4/99

## Notice to Respondent

* Warning: Any statement you make may be used against you in removal proceedings.
* Alien Registration: This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.
* Representation: If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.
* Conduct of the hearing: At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.
* At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.
* You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.
* Failure to appear: You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: _____   Date: _____
(Signature and Title of INS Officer)

**Certificate of Service**

This Notice to Appear was served on the respondent by me on __7/29/99__ , in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act:

[ ] in person       [ ] by certified mail, return receipt requested       [X] by regular mail

[X] Attached is a list of organizations and attorneys which provide free legal services.

[ ] The alien was provided oral notice in the __ENGLISH__ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____       _____
(Signature of Respondent if Personally Served)          (Signature and Title of Officer)

Form I-862(Rev. 4/1/97)

**U.S. Department of Justice**
Immigration and Naturalization Service                                                    Continuation Page for Form NTA

| Alien's Name | | File Number | Date |
|---|---|---|---|
| CHAN            YUN | | A72 747 739 | 07/06/1999 |
| AKA    CHEN,Yun ; CHEN Yven | CHEN,Yuen ; TZU YING, Mong | | CHINA |

## ALLEGATIONS:

1). You are not a citizen or national of the United States;

2). You are a native of the People's Republic of China and a citizen of the People's Republic of China;

3). You were admitted into the United States at Newark, New Jersey on or about March 28, 1994;

4). You did not then possess or present a nonimmigrant visa, border crossing card, or other document valid for entry into the the United States;

5). You were convicted of the crime of Murder in the second degree, in violation of Section 125.25(1) of the New York State Penal Law, pursuant to a judgment entered on or about January 14, 1997, by the Supreme Court of the State of New York, County of Queens, under indictment number 5276-95.

## CHARGE:

Section 237(a)(1)(A) of the Immigration and Nationality Act (Act), as amended, in that at the time of entry or of adjustment of status, you were within one or more of the classes of aliens inadmissible by the law existing at such time, to wit: aliens who are nonimmigrants not in possession of a valid nonimmigrant visa or border crossing identification card and not exempted from the possession thereof by the act or regulations issued thereunder, pursuant to section 212(a)(7)(B)(i)(II) of the Act.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(A) of the Act.

| Signature [signed] | Title |
|---|---|
| | Institution Removal Program Director |
| | PAGE # |

Form I-831 Continuation Page (Rev. 4/1/97)

# EXHIBIT B

```
                    IMMIGRATION COURT
                    RED SCHOOLHOUSE ROAD
                    FISHKILL, NY  12524
```

In the Matter of

Case No.: A72-747-739

*S-CHAN, YUN
   Respondent                IN REMOVAL PROCEEDINGS

96-A-1048    ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Mar 20, 2000.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X] The respondent was ordered removed from the United States to
    CHINA. ~~or in the alternative to~~
[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to CHINA or in the
    alternative to
[ ] Respondent's application for voluntary departure was granted until
    _____ upon posting a bond in the amount of $ _____
    with an alternate order of removal to CHINA.
[ ] Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.
[ ] Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal under section
    240A(a) was ( )granted ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)  ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn. If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.
[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.
[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[ ] Other: _____.

Date: Mar 20, 2000
Appeal: ~~Waived~~/Reserved (by alien)   Appeal Due By: Apr 19, 2000

                                      MITCHELL A. LEVINSKY
                                      Immigration Judge

CLD

ALIEN NUMBER: 72-747-739                     ALIEN NAME: *S-CHAN, YUN

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [ ] ALIEN  [P] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [P] INS
DATE: __3/30/00__   BY: COURT STAFF __CS__
    Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [✓] Other
                                                                      EOIR-26

Q6

# EXHIBIT C



Office of Enforcement and Removal Operations
Field Office New York

**U.S. Department of Homeland Security**
26 Federal Plaza
New York, New York 10278

**U.S. Immigration and Customs Enforcement**

Chan, Yun
c/o Immigration and Customs Enforcement
New York Field Office

A 072 747 739

## Notice of Revocation of Release

This letter is to inform you that your order of supervision has been revoked, and you will be detained in the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your official alien file and a determination that there are changed circumstances in your case, specifically that ICE is acquiring a travel document on your behalf and your removal is now imminent.

ICE has determined that you can be expeditiously removed from the United States pursuant to the outstanding order of removal against you. On March 20, 2000, you were ordered removed to China by an authorized U.S. DHS/DOJ official and you are subject to an administratively final order of removal.

Based on the above, and pursuant to 8 C.F.R. 241.4 / 8 C.F.R. 241.13, you are to remain in ICE custody at this time. You will promptly be afforded an informal interview at which you will be given an opportunity to respond to the reasons for the revocation. If you are not released after the informal interview, you will receive notification of a new review, which will occur within approximately three months of the date of this notice.

You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. Section 1253(a).

DARIUS L ROBINSON
Digitally signed by DARIUS L ROBINSON
Date: 2025.09.09 11:30:21 -04'00'

_____ Assistant Field Office Director
Signature and Title of Deciding Official                                    Date

## PROOF OF SERVICE

**(1)    Personal Service**

(a) I __J. Melo__, __Deportation Officer__,
     Name of ICE Officer          Title

certify that I served Chan, Yun A072 747 739 with a copy of this document at

__26 Federal Plaza, New York, NY 10278__ on __09/09/2025__ at _____.
   Institution          Date          Time

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

# EXHIBIT D

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# WARRANT OF REMOVAL/DEPORTATION

Subject ID: 400075233
File No: 072 747 739
Event No: NYC2509001543
Date: September 9, 2025

To any immigration officer of the United States Department of Homeland Security:

YUN CHAN AKA: CHEN, YUEN ; CHEN, YVEN ; CHEN, YUN
(Full name of alien)

who entered the United States at  NEWARK, NJ  on March 28, 1994
(Place of entry)  (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

[X] an immigration judge in exclusion, deportation, or removal proceedings
[ ] a designated official
[ ] the Board of Immigration Appeals
[ ] a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:
237a1A;

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Secretary of Homeland Security under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:
Salaries and Expenses, Department of Homeland Security 2025

JUDITH ALMODOVAR  _/s/ Judith Almodovar_
(Signature of immigration officer)

Acting Field Office Director
(Title of immigration officer)

September 9, 2025, NEW YORK, NY
(Date and office location)

ICE Form I-205 (8/07)  Page 1 of 2

ien No: 072 747 739

To be completed by immigration officer executing the warrant: Name of alien being removed:
YUN CHAN

**Port, date, and manner of removal:** _____

Photograph of alien removed

Right index fingerprint of alien removed

_____
(Signature of alien being fingerprinted)

_____
(Signature and title of immigration officer taking print)

Departure witnessed by: _____
(Signature and title of immigration officer)

If actual departure is not witnessed, fully identify source or means of verification of departure:
_____
_____
_____

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here. ☐

Departure Verified by: _____
(Signature and title of immigration officer)

ICE Form I-205 (8/07)                                                                 Page 2 of 2

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# WARNING TO ALIEN ORDERED REMOVED OR DEPORTED

Event No: NYC2509001543           A-File Number: 072 747 739

Date: 09/09/2025

Alien's name: YUN CHAN AKA: CHEN, YUEN ; CHEN, YVEN ; CHEN, YUN

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States:

☐ For a period of 5 years from the date of your departure from the United States because you have been found deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated upon your arrival in the United States as a returning lawful permanent resident.

☐ For a period of 10 years from the date of your departure from the United States because you have been found:

  ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

  ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated as a result of your having been present in the United States without admission or parole.

  ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

  ☐ deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act by a judge of a United States district court, or a magistrate of a United States magistrate court.

☐ For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported, or removed from the United States, you have been found:

  ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

  ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

  ☐ deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act.

  ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

  ☐ to have reentered the United States illegally and have had the prior order reinstated under section 241(a)(5) of the Act.

☒ At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony, as defined under section 101(a)(43) of the Act.

After your removal has been effected you must request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or U.S. Department of Homeland Security office. Refer to the above file number when requesting forms or information.

**WARNING FOR ALL REMOVED ALIENS:** It is a crime under Title 8 United States Code, Section 1326, for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Secretary of Homeland Security's express consent. Depending on the circumstances of the removal, conviction for this crime can result in imprisonment of a period of from 2 to 20 years and/or a fine up to $250,000.00.

**SPECIAL NOTICE FOR SEX OFFENDERS:** Federal Law requires a convicted sex offender, including an alien who has been removed from or otherwise departed the United States and subsequently returns, to register in each jurisdiction in the United States in which he or she resides, is employed, or is a student. Violation of this requirement can result in prosecution and imprisonment for up to 10 years under Title 18 United States Code, Section 2250.

_____   _____   _____
(Signature of officer serving warning)   (Title of officer)   (Location of DHS office)

DHS Form I-294 (3/12)

Page 1 of 1